UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANELLA E. CAMPBELL-DAVIS, | ) |
|           Plaintiff, | ) Case No. 21-cv-03555 |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| COOK COUNTY HEALTH & HOSPITAL SYSTEM, | ) |
|           Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janella E. Campbell-Davis brings this action against Cook County Health & Hospital System ("Cook County")[1] under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* Cook County has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations bars Campbell-Davis's claim. For the following reasons, Cook County's motion [14] is granted without prejudice.

**Background**

The following facts are taken as true for the purpose of ruling on this motion. Plaintiff Janella Campbell-Davis began working as a certified nursing assistant for Cook County in or around 2000. Approximately fifteen years later, Campbell-Davis contracted tuberculosis from a patient at Stroger Hospital in Chicago, Illinois, after which she recovered. In September 2018, Campbell-Davis suffered a relapse of the disease, which required her to take a leave of absence. The following month, Campbell-Davis was medically cleared to return to work, but Cook County refused to allow her to do so.

---

[1] Defendant Cook County claims that it has been incorrectly named as "Cook County Health & Hospital System." *See infra.*

1

Campbell-Davis filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on September 30, 2019.[2] In the "PARTICULARS" section of the charge, where Campbell-Davis was provided space to describe the alleged discrimination, she stated that she was "cleared to return to work on multiple occasions beginning in October 2018; however, Respondent refused to allow [her] to return to work." (Dkt. 1-1 at 1.) Under a section entitled "DATE(S) DISCRIMINATION TOOK PLACE," Campbell-Davis identified the "Latest" date as "04-03-2019." (*Id.*) Her charge was presented to the Equal Employment Opportunity Commission ("EEOC"), which sent Campbell-Davis a right-to-sue letter on April 14, 2021. Campbell-Davis brought this lawsuit under the ADA on July 2, 2021, alleging that Cook County discriminated against her due to her medical condition when it refused to allow her to return to work following her medical leave of absence. Cook County moves to dismiss Campbell-Davis's claim on the basis that it is untimely.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The complaint states that Campbell-Davis filed her charge of discrimination with the IDHR on June 30, 2019. (Dkt. 1 at 2, ¶ 12.) This appears to have been a scrivener's error, as the charge attached to the complaint is dated September 30, 2019. (*See* Dkt. 1-1.) The Court may consider the charge in ruling on defendant's motion to dismiss, since it is attached to the complaint, referred to in it, and central to it. *Venticinque v. City of Chi. Dep't of Aviation*, No. 21-cv-3084, 2022 WL 4095056, at *3 (N.D. Ill. Sept. 7, 2022) (Dow, J.) (citing *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)).

A statute of limitations is an affirmative defense. Fed. R. Civ. P 8(c)(1). Generally, a complaint does not have to anticipate affirmative defenses to survive a motion to dismiss. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Thus, "[d]ismissing a complaint as untimely at the pleading stage is an unusual step." *Id.* An exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citation omitted). In assessing whether a complaint should be dismissed based on the statute of limitations, the court considers "whether there is 'a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense.'" *Robinson v. Office of the Cook Cnty. Recorder of Deeds*, No. 20-cv-2023, 2021 WL 1165100, at *8 (N.D. Ill. Mar. 26, 2021) (Seeger, J.) (quoting *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)).

**Discussion**

Cook County argues that Campbell-Davis's ADA claim is time barred because the last alleged act of discrimination took place in October 2018 when it would not allow her to return to work, but she did not file her charge until late September 2019. Cook County points to the complaint, which alleges that it refused to allow Campbell-Davis to return to work when she was medically cleared to do so in October 2018 (Dkt. 15 at 4), as well as the "PARTICULARS" section of Campbell-Davis's charge, which states that she was "cleared to return to work on multiple occasions beginning in October 2018; however, Respondent refused to allow [her] to return to work." (*Id.*)

Campbell-Davis responds by arguing that the last date of discrimination was actually April 3, 2019, which is reflected in her charge. Although the charge does not provide any explanation as to what happened in April 2019, Campbell-Davis asks the Court to consider an affidavit attached to

3

her opposition, which states that Cook County discriminated against her on April 3, 2019 by "refusing to re-hire [her] when [she] was medically cleared to return to work after being diagnosed with tuberculosis." (Dkt. 21 at 2, 6, ¶ 6.) The affidavit also states that her omission of the April 3, 2019 date from the "PARTICULARS" section of her charge was "merely an innocent mistake." (*Id.* at ¶¶ 4–5.) On reply, Cook County contends that the affidavit does not save Campbell-Davis's claim because (1) any allegation that Cook County's discriminatory conduct continued through April 2019 is an improper expansion of her IDHR charge; and (2) the affidavit makes no attempt to link the October 2018 conduct to the April 2019 conduct.

To bring a timely ADA claim, a plaintiff in Illinois must file a charge of discrimination with the EEOC or equivalent state agency within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e–5); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 637 (7th Cir. 2004). The 300-day limit "begins to run when the defendant has taken the action that injures the plaintiff and when the plaintiff knows she has been injured." *Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001). Failure to file a charge within the 300-day period generally dooms the claim as untimely. *Flowers v. City of Chicago*, No. 18 C 7003, 2019 WL 1932587, at *3 (N.D. Ill. May 1, 2019) (Durkin, J.) (citing *Bass v. Joliet Public Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2004)).

At the outset, it is unclear what happened in October 2018 based on the complaint allegations. Both the complaint and Campbell-Davis's IDHR charge allege that she was not allowed to "return to work" in October 2018 without explaining what that entailed—let alone how it was communicated to Campbell-Davis, by whom, and when. The briefing provides no real guidance, either. Campbell-Davis does not even mention October 2018 in her opposition or affidavit. For its part, Cook County merely echoes the complaint language in its motion, stating that Campbell-Davis was not allowed to "return to work" in October 2018. (Dkt. 15.) Yet, in its reply, Cook County

4

repeatedly describes the October 2018 act as a refusal to "rehire," rather than a refusal to "return to work." (*See, e.g.*, Dkt. 23 at 1, 3–6.) All in all, the Court is left to wonder whether Campbell-Davis's employment was terminated in October 2018, or whether she remained an employee on inactive status, only to be terminated at a later date.

Regardless, as currently pleaded, Campbell-Davis's complaint is untimely. Whether Campbell-Davis was prevented from returning to active status or actually terminated in October 2018, the alleged discriminatory act is time barred if she knew that she was injured at that time. The complaint gives no indication otherwise. Nor does Campbell-Davis dispute that more than 300 days transpired between the allegedly discriminatory conduct in October 2018 and the filing of her charge on September 30, 2019.

Moreover, Campbell-Davis's bare claim in her affidavit that Cook County refused to "re-hire" her on April 3, 2019 does not change matters.[3] Campbell-Davis makes no attempt—in her opposition or affidavit—to link the October 2018 conduct to the April 2019 conduct. Her opposition is silent as to Cook County's argument that the alleged refusal to allow her to return in October 2018 was not part of a "continuing violation" that would toll the statute of limitations. *See Flowers*, 2019 WL 1932587, at *3 (quoting *Place v. Abbott Labs.*, 215 F.3d 803, 808 (7th Cir. 2000)) (explaining the circumstances that constitute a "continuing violation"). Without sufficient allegations in Campbell-Davis's complaint or charge indicating that the October 2018 conduct was part of a continuing violation, the Court declines to make this argument on Campbell-Davis's behalf.

In sum, Campbell-Davis's claim as currently pleaded is untimely and dismissal is warranted. The Court is not certain whether Campbell-Davis can remedy this problem. However, given the ambiguity of the complaint language (and the paucity of allegations), dismissal without prejudice is

---

[3] Because the result is the same regardless of whether the Court considers plaintiff's affidavit, the Court need not address whether consideration of such an affidavit is proper at the motion to dismiss stage.

appropriate. Campbell-Davis may amend her complaint if she can allege facts demonstrating that her claim accrued on or after December 4, 2018 (*i.e.*, 300 days before she filed her charge), or that the statute of limitations was tolled. The Court underscores that leave to amend is being granted for that narrow purpose, and any attempt to re-plead her claim in a manner that is inconsistent with the instant opinion will not be entertained.

Finally, Cook County has alleged that "Cook County Health & Hospital System" was improperly named as the defendant in this case because it is not a suable entity. In her opposition, Campbell-Davis seeks leave to amend her complaint to substitute Cook County as the proper defendant. On reply, Cook County agrees that any dismissal on this basis should be without prejudice so that Campbell-Davis can name the correct legal entity. If Campbell-Davis is able to amend her complaint consistent with the above and with Federal Rule of Civil Procedure 11, then she may also substitute Cook County as the named defendant.

**Conclusion**

Based on the foregoing discussion, defendant's motion to dismiss [14] is granted. As explained above, the dismissal is without prejudice to plaintiff filing an amended complaint only insofar as she can do so consistent with this opinion and Federal Rule of Civil Procedure 11. Should plaintiff file an amended complaint, she has leave to substitute Cook County as the named defendant. Otherwise, the portion of defendant's motion to dismiss that seeks to dismiss the complaint on the ground that Cook County Health & Hospital System is not a suitable entity is stricken as moot.

IT IS SO ORDERED.

Date: 9/26/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge