UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANELLA E. CAMPBELL-DAVIS, | ) | |
| | ) | Case No. 21-cv-03555 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| THE COUNTY OF COOK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In July 2021, plaintiff Janella E. Campbell-Davis sued Cook County Health & Hospital System, later properly sued as the County of Cook (the "County"), for violating the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. This Court dismissed her complaint in September 2022, finding that her action was untimely but granting her leave to amend if she could allege that her claim arose within the statute of limitations. In November 2022, Campbell-Davis filed an amended complaint, and the County again moved to dismiss on the basis that the amended complaint did not rectify the statute of limitations issue. The Court agrees, grants the County's motion [54], and dismisses Campbell-Davis's complaint with prejudice.

**Background**

The Court assumes familiarity with its September 26, 2022 Opinion. According to her complaint, in or around 2000, Campbell-Davis began working as a certified nursing assistant for the County. She later contracted tuberculosis and suffered a relapse in September 2018. After taking a leave of absence, Campbell-Davis maintains she was medically cleared to work in October 2018. Nonetheless, she claims that the County refused to allow her to return to work. On September 30, 2019, she filed a charge of discrimination with the Illinois Department of Human Rights, which was referred to the Equal Employment Opportunity Commission, where the alleged dates of

1

discrimination spanned from September 16, 2018 to April 3, 2019. In this charge, she notes "I was cleared to return to work on multiple occasions beginning in October 2018; however, Respondent refused to allow me to return to work." (Dkt. 47-2.)

In its first motion to dismiss, the County argued that Campbell-Davis's ADA claim should be dismissed because she failed to file her charge of discrimination in time (within 300 days of the allegedly discriminatory act). The Court found that Campbell-Davis's claim, which arose when Campbell-Davis was not permitted to return to work in October 2018, was time-barred because she filed her charge of discrimination in late September 2019, over 300 days later. In addition, the Court noted that Campbell-Davis's October 2018 employment status was not clear. The Court permitted Campbell-Davis to amend her complaint, but only "if she c[ould] allege facts demonstrating that her claim accrued on or after December 4, 2018 (*i.e.*, 300 days before she filed her charge), or that the statute of limitations was tolled." (Dkt. 37 at 6.)

Campbell-Davis filed an amended complaint. This version adds three new allegations: that from October 2018 to September 2019, Campbell-Davis was kept on the employee roll; that in January 2020, she informed the EEOC that she was facing possible termination; and lastly that "at no time did the County of Cook ever terminate the Plaintiff's employment." (Dkt. 47 at 3.)

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Skinner v. Switzer,* 562 U.S. 521, 529–30, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, a plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A statute of limitations is an affirmative defense. Fed. R. Civ. P 8(c)(1). Generally, a complaint does not have to anticipate affirmative defenses to survive a motion to dismiss. *Cancer Found, Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009) ("Dismissing a complaint as untimely at the pleading stage is an unusual step.") An exception exists where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citation omitted). In asserting whether a complaint should be dismissed based on the statute of limitations, the court considers "whether there is 'a conceivable set of facts, consistent with the complaint, that would defeat a statute-of-limitations defense.'" *Robinson v. Office of the Cook Cnty. Recorder of Deeds*, No. 20-cv-2023, 2021 WL 1165100, at *8 (N.D. Ill. Mar. 26, 2021) (Seeger, J.) (quoting *Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015)).

**Discussion**

Once again, the County moves to dismiss Campbell-Davis's complaint because she did not timely file her claims. In her response brief, Campbell-Davis raises a new theory: that the County's discrete act of discrimination actually occurred on April 3, 2019, when she was "terminated." She points to an email noting her possible termination in January 2020 and a vague email where she mentioned that she received the "run around" from the County until April 2019. She claims that, together, these documents show she was fired after April 2019.

The problem for Campbell-Davis is that her amended complaint makes no mention of termination, and indeed states that she was *never* terminated. As the Seventh Circuit made clear, it is a "basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (internal citations omitted). Plaintiffs are often permitted to amend their complaints, *see* Fed. R. Civ. P. 15, and this

Court already gave Campbell-Davis an opportunity to amend her complaint to rectify the timeliness issue. Because her complaint contains no allegation of termination, the Court will not entertain whether an April 2019 termination could serve as the basis for her ADA claim.

The date of discrimination in the amended complaint remains the same as when the Court considered the original complaint: October 2018. The amended complaint provides no clarity as to what happened on April 3, 2019, nor does the cited affidavit do anything to further elucidate the issue, as it confusingly states that the County "refused to re-hire her." (Dkt. 21, Exh. A.) Thus, Campbell-Davis has not shown any new act of discrimination in April 2019, or any explanation for why that date should be considered part of a continuing violation linked to the October 2018 conduct. *See, e.g., Flowers v. City of Chicago*, No. 18 C 7003, 2019 WL 1932587, at *3 (N.D. Ill. May 1, 2019) (Durkin J.). Campbell-Davis argues that it is "not clear" that her complaint is not timely, such that dismissal is inappropriate. The Court disagrees. Campbell-Davis has repeatedly pointed to the October 2018 conduct as the basis for her amended complaint and charge of discrimination,[1] and the Court finds that is the relevant date for timeliness purposes. Since she filed her charge of discrimination over 300 days after the alleged act of discrimination occurred, *see* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a), her suit is untimely and must be dismissed.

**Conclusion**

For the above reasons, the Court grants the County's motion to dismiss [54]. Given that this Court already provided Campbell-Davis with an opportunity to rectify the statute of limitations issue, and she was unable to do so, this dismissal is now with prejudice.

IT IS SO ORDERED.

Date: 8/1/2023  Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] Interestingly, Campbell-Davis seems to concede that "[n]othing that the Defendant did in October 2018" amounts to a discrete act of termination. (Dkt. 59 at 5.)